(No. 5903–

ROBERT SPEER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 27, 1971.*

GILLESPIE, BURKE AND GILLESPIE, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PERLIN, C.J.

This cause coming on by motion of respondent to dismiss and the Court having been advised in the premises, having considered respondent's suggestions in support of its motion and accompanying documents, and claimant's objection to the motion find that:

Because of the importance of the subject matter involved in the motion to dismiss submitted by respondent, this Court feels compelled to set forth fully the reasons behind the action herein taken by this Court.

This case involves the Illinois National Guard and revolves around the dual status peculiar to the National Guard of the United States.

This dual status of the National Guard is brought about by Title 10 and Title 32 of the United States Code which are the basic federal laws governing the National Guard.

Although the National Guard is composed of local units from the various states, and although these various local units are subject to the call of the Governor of the particular state involved when the Governor feels that he needs the services of the National Guard for state purposes, it is clear from a reading of Title 10 and Title 32 that the

mission of the National Guard is primarily a federal mission.

Title 10, Section 261 establishes the National Guard of each state as a reserve component of the Federal Armed Forces.

Title 10, Section 262 establishes the purpose of these reserve components to be to provide trained units and qualified persons to the Federal Armed Forces in time of war or national emergency, etc.

Title 10, Section 263 establishes the right of Congress to call upon these reserve components "Whenever Congress determines that more units and organizations are needed for the national security", and we note that this authority is assumed without regard to the wishes of the state or states involved.

Title 32, Sections 502 and 503 give the authority to prescribe the type, location, time and duration of training, in preparation for the National Guards' primary mission, to the President and the Secretary of the branch of the armed forces involved.

It follows then that, whenever the National Guard is either called into federal active duty under Title 10, Section 263 or into inactive federal training under Title 32, Sections 502 and 503, generally and Section 502(2) in particular, they are on a federal mission and not performing a state function.

Since they are not, at these times, performing a state function, any tort committed by any one or more members thereof would not constitute a tort by the State and no liability would ensue thereby as against the State.

The Congress being aware of this situation has provided a means of paying claims arising from torts committed by National Guard members while on these federal missions.

The first of these remedies is embodied in the Federal Tort Claims Act which provides a source of recovery for third parties damaged by members of the National Guard while in the course of their mission on active federal duty.

The second of these remedies is embodied in the National Guard Claims Act, Title 32, Section 715, which provides a source of recovery for third parties damaged;

"by a member of the Army National Guard or the Air National Guard, as the case may be, while engaged in training or duty under Section 316, 502, 503, 504 or 505 of this title or any other provision of law for which he is entitled to pay under Section 206 of Title 37, or for which he has waived that pay, and acting within the scope of his employment; or otherwise incident to noncombat activities of the Army National Guard or the Air National Guard, as the case may be, under one of those sections."

Respondent in its Suggestions in Support of Motion to Dismiss points to Army Regulation 27-24 as amended by change 1 dated 28 January 1969 which establishes an Army policy of treating the National Guard Claims Act as a secondary source of recovery when other sources of recovery in the various states exist.

Respondent then states that this policy established by the Department of the Army is arbitrary, discriminatory and capricious, and outside the authority granted the Secretary by the Congress.

It is not for this Court to decide policy for the Department of the Army, and this Court takes no position on the question, as the Department of the Army is outside the jurisdiction of this Court.

It is also outside the purview of this Court to express any opinion as to whether the claimant has any recourse against the federal government under either the Federal Tort Claims Act or the National Guard Claims Act as these Acts are, also, outside the jurisdiction of this Court.

It is not for this Court to say that this claimant should recover his damages from anyone.

It is only for the Court to say that claimant has failed to state on the face of his complaint allegations sufficient to show a cause of action against the State of Illinois in that he has failed to show the National Guard driver was on a mission for the State of Illinois, and in his objections to respondent's Motion to Dismiss claimant does not deny respondent's contentions that the National Guard driver was on a federal mission and not on a mission for the State of Illinois.

Claimant having failed to state a sufficient cause of action, this Court has no jurisdiction to hear the complaint.

This Court, therefore, finds that respondent's Motion to Dismiss should be allowed.

IT IS HEREBY ORDERED and this case is dismissed.